MILLER, Respondent, v. MITCHELL et al., Appellants.

1. A. delivered to B. 300 barrels of cement on storage. B. gave to A. a receipt acknowledging the delivery of said cement on storage for C. and stating that it was to be delivered upon return of said receipt endorsed by C. This receipt A. delivered to C., and C. gave to A. an instrument in writing stating that he received and held it as security for the payment of a promissory note drawn in his favor by A. He also thereby engaged to deliver said receipt up to A. or his order upon payment of said note. D. instituted a suit by attachment against A. and summoned C. as garnishee. Afterwards C. instituted a suit against B. to recover the value of the cement which B. had refused to deliver to C. on the presentation of the above receipt. After the institution of this suit against B. but before C. had filed his answer to the interrogatories in the attachment suit, A. paid to C. the promissory note for which the warehouse receipt above mentioned was held as a security, and A. gave to B. the instrument in writing above mentioned signed by C., with an order endorsed thereon by A. for the delivery to B. of the receipt given by B. C. answered the interrogatories in the attachment suit, setting forth the facts above stated, the institution of the suit against B., and the payment of the promissory note by A. He further stated in his answer that whatever judgment he should obtain against B. would be the amount in his hands belonging to A. Judgment was rendered in the attachment suit against C., the garnishee. Held, that, as C. held the cement merely by way of security, and the debt for which it was so held had been paid, C. was not entitled to recover in the suit against B. more than the costs of suit.

Appeal from St. Louis Court of Common Pleas.

The facts sufficiently appear in the opinion of the court.

B. A. Hill and Comfort & Manter, for appellants.

I. When Miller recovered the judgment in this case he had no interest whatever in the cement or the receipt. When the suit was brought he had only a lien on the cement for four hundred dollars. When the note was paid, his interest ceased. Miller never could be regarded as holding the ce-

ment for the use of Daniels. Defendants held it in trust to satisfy Miller's note, and, as to the balance remaining after the payment of the note, for the use of Daniels. The judgment against Miller upon the garnishment was clearly erroneous. If Brady & Bro. claimed that Daniels was interested in the cement, they should have attached it in defendants' hands subject to their charges and the lien of Miller. Miller was not liable to Daniels, the debtor of Brady & Bro., for any debt. (3 Porter, 105; 5 Ala. 403; 13 Metc. 332; Drake on Attachment, § 545.)

*H. N. Hart*, for respondent.

I. The garnishment was sufficient to hold the cement in the hands of Miller, after satisfying the debt due by Daniels to Miller.

SCOTT, Judge, delivered the opinion of the court.

The facts and dates in this case are a little complicated, but when understood will, we are inclined to the opinion, not entitle the plaintiff to recover. This suit was begun on the 12th of September, 1856, and the petition substantially sets forth that on the 8th of August, 1855, A. Daniels delivered to the defendants to be stored for and on account of the plaintiff three hundred barrels of cement; that on the delivery of the cement the defendants, by their agent W. Harlow, gave their receipt whereby they agreed to deliver up the cement on the return of the receipt endorsed by the plaintiff; that in May, 1856, the plaintiff tendered the receipt endorsed by him, but the defendants failed to deliver the cement, which was worth seven hundred and fifty dollars. The answer of the defendants admitted the delivery of the cement and the giving of the receipt. It averred that on the day the receipt was given the plaintiff signed a writing, whereby he acknowledged to have received said receipt given by the defendants to Daniels, and that he held the same as security for the payment of a promissory note for four hundred dollars, drawn by Daniels, and which he promised to redeliver to

Daniels upon the payment of the said note; that the receipt was delivered as security for the payment of said note, and that the plaintiff had no other interest in it; that, since the bringing of this suit and on or about the 7th of November, 1856, the said Daniels paid said note, and then endorsed to the defendants the writing of the plaintiff whereby he acknowledged that he held the receipt for the lime as collateral security.

On the trial, which was by the court, the plaintiff gave in evidence the receipt for the cement described in the pleadings; also the record, which was excepted to, of a suit in attachment begun by Brady & Brady against Daniels, in which the plaintiff Miller was summoned as a garnishee on the 26th of May, 1856. Miller answered the interrogatories filed in the said suit, to the effect, that at the time he was garnished, Daniels was indebted to him in the sum of four hundred dollars, and as collateral security for the payment of the same Daniels placed with Mitchell, Rammelsberg & Co. three hundred bushels of cement on his account and subject to his order, for which they executed to him their receipt for the same; that before he was garnished he instituted suit (meaning this suit) for the recovery of the value of said lime, in the St. Louis court of common pleas against the said Mitchell, Rammelsberg & Co.; that said Daniels did after the said suit against Mitchell, Rammelsberg & Co. and the said garnishment pay him what he owed him. The answer then concludes in these words: "I therefore answer that whatever judgment I shall have and obtain against the said Mitchell, Rammelsberg & Co. will be the amount in my hands belonging to said Daniels. Outside of which I have no other property, goods, chattels, effects and credits belonging to the said Daniels, nor in any other manner than as aforesaid indebted unto him." This answer was made 22d December, 1857. In May, 1857, final judgment was taken in the attachment suit against Daniels, the defendant, for $582.20, and afterwards, on the 10th of Feb'y, 1858, judgment for $658.30 was ordered against the garnishee Miller in this suit. It was

admitted that about November 7, 1856, Daniels paid Miller the promissory note. Miller's acknowledgment in writing that he held the receipt for the cement as collateral security was given in evidence by the defendants Mitchell, Rammelsberg & Co., with an order endorsed thereon by Daniels to deliver to them the said receipt. Harlow, a witness, testified that at the time Miller was garnished he said that he did not know that he could give up the receipt, as he had been summoned as garnishee in the suit of Brady & Brady v. Daniels, and did not know but that he might be held by the garnishment. The court having refused the instructions asked by the defendants, gave judgment against them.

Take this case in the most unfavorable light for the defendants that the legal title to the cement was in the plaintiff, and that at the time of the garnishment the defendants had no right or property in it; what then would have been the rights and duty of the plaintiffs? The possession of the cement was not in the plaintiff, nor was it understood that it should be until default was made in the payment of the debt due to him by Daniels. The fact that the plaintiff was garnished did not oblige him to institute a suit to recover the cement. There is no law imposing this burden on a garnishee. This suit had not its origin in the belief that there was any such obligation resting upon the plaintiff. So far from it, it was instituted before he was garnished. The petition in the case shows this and the object of the suit. Whether he was garnished or not, the only interest he had in the cement amounted only to as much as would satisfy his lien or mortgage. As this mortgage was satisfied he would only have been entitled to a judgment for costs. As the cement was not in the possession of the plaintiff, if there was an interest remaining in Daniels after the lien was satisfied subject to attachment, it should have been attached in the hands of those who held it. The possession not being in the plaintiff when he answered, he should have surrendered the receipt, as his debt had been paid and he had no other interest in it, and the right to the cement would have been con-

tested in an action to which the defendants would have been parties. The twenty-eighth and thirty-fifth sections of the attachment law authorized this, if they did not require it. He ought not to have made a defence for others when he knew nothing about their rights. He had no interest in the cement when he made his answer to the interrogatories, and should have retired from the controversy. He could not compromit the rights of the defendants by undertaking to make a defence for them. Although the writing signed by the plaintiff evidencing the mortgage or lien on the cement was not endorsed to the defendants with the order for the receipt until after the garnishment was served, yet, as the endorsement was made as soon as the plaintiff's debt was paid and as soon as there was a right to demand the receipt, it may well have been that the defendants' right to the cement accrued long, long before, subject to the plaintiff's lien. Indeed the fact was so stated in the first answer of the defendants, but omitted in the last, they not recollecting that, by the present practice act, when an amended pleading is filed, it must contain in one entire pleading all the matter of all the previous pleadings. (R. C. 1855, p. 1255, § 16.)

If, after the plaintiff was garnished, the property, not being in his possession, was made away with, he would not have been bound for it, nor would the law require him to bring suit. If it was made way with before the garnishment, all that was necessary to be done was to have delivered up the receipt at the time of the answering. If the cement had been in the possession of the plaintiff when he was garnished, he would have been bound to have held it as any other garnishee. But he might have given up the property to satisfy the judgment in the attachment suit against the defendant and thereby prevented any judgment against him. If the plaintiff had endorsed the receipt and surrendered it into the custody of the law, as he ought to have done, his debt being satisfied, could there have been a judgment against him personally? This might have been done under the twenty-eighth and thirty-fifth sections of the attachment law. By

Miller v. Mitchell.

voluntarily submitting to a personal judgment against himself, he can not expect that the defendants should be deprived of their rights unheard and without an opportunity to defend them. They were not parties to the attachment suit, and could make no defence. They had no opportunity of showing that their right to the cement accrued long before there was any garnishment, as stated in their first answer.

This is not like the case where a debtor is garnished who discloses all the facts in relation to the debt within his knowledge up to the time of answering, and is yet condemned to pay it to the creditor in the attachment suit. There he shall not be compelled to pay it again, and the judgment against him in the attachment suit is conclusive in his favor. Here there is no judgment against a garnishee debtor which he has satisfied and his original creditor seeking to subject him to pay it a second time. But a garnishee has unnecessarily and without authority submitted to make an answer in an attachment and suffered a judgment to go against him, and is now prosecuting this suit in order to indemnify himself against the judgment, which by his own conduct he has caused to be rendered against him, and would make that judgment binding against a party, who may have a valid defence to the action in which it was rendered, and who has had no opportunity to make that defence.

It is singular how this and the attachment suit are made to move in a circle. In the attachment suit, the plaintiff in his answer says he will owe Daniels what he shall recover in this suit. In this suit he recovers what was recovered against him in the attachment suit. As the plaintiff at the time of his answer in garnishment had no interest in the property, he should have surrendered up the receipt and not have suffered judgment to go against him, and his doing this did not make the proceedings in that case evidence in this against the defendants.

Judgment therefore will be reversed and the cause remanded. The other judges concur.